**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-0618**

Ramsey County Child Support,
Appellant,

S. G. M. M.,
Respondent,

vs.

J. A. Q.,
Respondent.

**Filed November 30, 2015**
**Affirmed**
**Klaphake, Judge**[*]

Ramsey County District Court
File No. 62-FA-14-3173

John Choi, Ramsey County Attorney, Jenese Venesha Dawson Larmouth, Assistant County Attorney, St. Paul, Minnesota (for appellant)

S.G.M.M., Holiday, Florida (pro se respondent)

J.A.Q., St. Paul, Minnesota (pro se respondent)

Considered and decided by Cleary, Chief Judge; Schellhas, Judge; and Klaphake, Judge.

**S Y L L A B U S**

A child support magistrate is not required to refer to the district court the issue of a

minor child's name change that was not presented in the pleadings and arose for the first

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

time orally during an expedited hearing at which one of the parents was not present and was in default.

**O P I N I O N**

**KLAPHAKE**, Judge

On appeal in this parentage case, the county argues that the child support magistrate (CSM) erred in ruling that a parent's oral request to change the minor child's legal name at a paternity and child-support hearing, where the other parent and the nonparent whose name the child has was not present and had not responded, is not a contested issue that must be referred to the district court under the Expedited Child Support Process section of the Minnesota Rules of General Practice. We affirm.

**FACTS**

In December 2014, appellant Ramsey County Child Support (Ramsey County) filed an action to establish parentage of and child support for A.C.M. Paternity testing indicated a 99.99 percent likelihood that respondent J.A.Q. is the father of A.C.M. and excluded H.M., respondent-mother's [S.G.M.M.] husband at the time of conception and birth, from paternity. Ramsey County's pleadings asked the court to retain A.C.M.'s name as it appeared on her birth certificate.

At the hearing before the CSM, neither J.A.Q. nor H.M. appeared, despite each receiving proper notice of the proceeding. S.G.M.M. orally requested A.C.M.'s last name to be changed to Q., the last name of the child's biological father. The CSM declined to do so and ordered that the "child's name will remain as it appears on the birth certificate," explaining by footnote that

2

[S.G.M.M.] requested that the child's last name be changed to [Q.] [Ramsey County] requested that the child's name remain as it appears on the birth certificate, [A.C.M.] The County's request was based upon the child's name on the birth certificate, which was entered by [S.G.M.M.], and [S.G.M.M.'s] Paternity Affidavit. Additional pleadings were not served and filed to put the parties on notice of the name change, and neither of the Respondents was present, so an agreement could not be reached on the name change issue. In these circumstances, changing the child's name is not a contested issue. [S.G.M.M.] simply changed her mind.

Ramsey County moved for review, arguing that S.G.M.M.'s name-change request created a contested issue that the CSM must refer to the district court. The CSM denied the motion for review, finding that S.G.M.M. "simply changed her mind" about A.C.M.'s name and that S.G.M.M. "disagreeing with herself does not create a contested issue." This appeal by Ramsey County follows.

## ISSUE

Did the CSM err by denying S.G.M.M.'s oral request to change A.C.M.'s name rather than referring the issue to district court?

## ANALYSIS

Proceedings to establish child support for IV-D cases[1] must be conducted in the expedited child support process. Minn. R. Gen. Pract. 353.01, subd. 1. The rules set forth requirements for all proceedings conducted in the expedited process. Minn. R. Gen. Pract. 353.01. We review the interpretation of procedural rules de novo. *State v. Martinez-Mendoza*, 804 N.W.2d 1, 6 (Minn. 2011). Generally, an evidentiary hearing to

---

[1] A "IV-D" case is "a case where a party has assigned to the state rights to child support because of the receipt of public assistance . . . or has applied for child support services under title IV-D of the Social Security Act." Minn. Stat. § 518A.26, subd. 10 (2014).

3

establish the legal name of a child "shall not be conducted or decided in the expedited process." Minn. R. Gen. Pract. 353.01, subd. 3(g). But a CSM may establish the legal name of a child when "the pleadings specifically address these particular issues and a party fails to serve a response or appear at the hearing." Minn. R. Gen. Pract. 353.01, subd. 2(b)(1)(B). "Party" is defined as "any person or county agency with a legal right to participate in the proceedings." Minn. R. Gen. Pract. 352.01(k). But another provision of the Minnesota Rules of General Practice requires a CSM issuing a partial order to "establish . . . the legal name of the child if the parties so agree," and to refer the issue to district court "[i]f there is no agreement concerning . . . the legal name of the child." Minn. R. Gen. Pract. 353.01, subd. 2(b)(2)(B).

Here, Ramsey County's pleadings specifically sought to retain A.C.M.'s name, and J.A.Q. and H.M. did not appear at the hearing. We conclude that under the plain meaning of subdivision 2(b)(1)(B), the CSM had the authority to establish the child's legal name as proposed in the pleadings. *See* Minn. R. Gen. Pract. 353.01, subd. 2(b)(1)(B).

Ramsey County asserts that S.G.M.M.'s oral request at the hearing created a contested issue that the CSM was required to refer to the district court. But additional pleadings and notice would have been necessary to notify J.A.Q. and H.M. before any name change could be addressed at the hearing, as Ramsey County had sought only to maintain A.C.M.'s name, not change it. The need to provide actual notice to J.A.Q. and H.M. is particularly necessary because Ramsey County's pleadings used generic

4

language regarding A.C.M.'s name.[2]  Although J.A.Q. and H.M. were not present such that an agreement could be reached, S.G.M.M.'s oral request at the hearing was insufficient to make the name-change issue contested.  We therefore conclude that in this situation, the CSM was not required to refer the name-change issue to district court.

Ramsey County finally argues that public policy requires CSMs to refer orally raised name-change issues to the district court in order to advance the purposes of the expedited system and to give purpose to the requirement that a child's name be determined in a paternity action.  *See* Minn. Stat. § 257.66, subd. 3 (2014) (requiring a parentage order to contain the child's name).  We disagree.  First, section 257.66 only requires a parentage order to contain the child's name; nothing in that section requires a CSM or the district court to determine whether a child's legal name should be *changed*.  Second, requiring a CSM to refer an issue to district court every time a party makes an oral request without providing notice to other parties not in attendance would unnecessarily extend and complicate "expedited" proceedings.  Such a requirement would also contravene Minn. Stat. § 259.10 (2014), which requires that both parents have notice of an application for a minor child's name change.  We note that nothing in this opinion prohibits the parents from petitioning the district court to change the minor child's name.  *See id.* (setting procedures for petitioning the district court for a minor child's name change).

---

[2] The complaint requested that the court "[o]rder that the child(ren) involved in this action's name(s) remain as it/they presently appear(s) on the child(ren) involved in this action's birth certificate(s)."

5

# DECISION

The CSM was not required to refer the issue of A.C.M.'s name change to the district court when one parent made an oral request to change the minor child's name at a parentage hearing at which all parties were not present.

**Affirmed.**